# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ZURICH AMERICAN INSURANCE CO., and STEADFAST INSURANCE CO., <br><br> Plaintiffs, <br><br> vs. <br><br> JOSHUA LEE WELCH; ALFONSO ZUBIA, and MARIA ZUBIA, <br><br> Defendants. | Case No. CIV-17-1053-M |

## ORDER

Before the Court is defendants Alfonso Zubia and Maria Zubia's ("the Zubias") Motion to Dismiss, filed October 27, 2017. On November 17, 2017, plaintiffs filed their response. On November 22, 2017, the Zubias filed their reply, and on December 11, 2017, they filed their Notice of Supplemental Authority. On November 29, 2017, defendant Joshua Lee Welch ("Welch") filed his Joinder in Zubia Defendants' Motion to Dismiss and Reply in Support, and on December 7, 2017, plaintiffs filed their response to Welch's joinder. Based upon the parties' submissions, the Court makes its determination.

I. Introduction

On December 29, 2016, the Zubias filed a lawsuit against Welch, J-W Energy Company, and J-W Power Company in the District Court of Oklahoma County, State of Oklahoma. In that lawsuit, the Zubias allege that on August 30, 2016, a truck driven by Welch collided with a car driven by Mr. Zubia in which Mrs. Zubia was a passenger, injuring both of them. The Zubias further allege that at the time of the accident, Welch was acting in the course and scope of his employment with J-W Energy Company and J-W Power Company. Finally, the Zubias allege that the August 30, 2016 collision resulted from the negligence of Welch, J-W Energy Company, and

J-W Power Company. In July 2017, J-W Energy Company and J-W Power Company filed a motion for summary judgment in which they asserted that Welch was not acting in the course and scope of his employment when the company truck that he was driving collided with the Zubias' car. On December 8, 2017, the state court judge denied the motion for summary judgment.

On October 3, 2017, plaintiffs[1] filed this action for declaratory judgment, seeking a declaration that they have no duty to defend or indemnify Welch in connection with the state lawsuit. In the alternative, plaintiffs seek a declaration that Welch exceeded the scope of consent to use the truck he was operating at the time of the accident and that Welch has no insurance coverage under the subject policies in excess of the statutory minimum compulsory insurance limit. Defendants now move this Court to dismiss or stay this action on the grounds that the state lawsuit involves substantially the same issue as that raised in the instant case.

## II. Discussion

Defendants assert that in light of the pending state lawsuit, this Court should exercise its discretion to dismiss this action, or, in the alternative, should stay the instant action pending final resolution of the state lawsuit. Defendants contend that the state lawsuit, like the instant action, concerns the factual question of whether Welch was acting in the course and scope of his employment at the time of the August 30, 2016 collision. Defendants further contend that proceeding with the instant case would unduly interfere with the orderly and comprehensive disposition of the state lawsuit.

---

[1] Plaintiff Zurich American Insurance Company issued a business automobile policy to J-W Energy Company for the policy period of November 1, 2015 to November 1, 2016, with liability coverage in the amount of $2,000,000. Plaintiff Steadfast Insurance Company issued an excess liability indemnity policy to J-W Energy Company, with a policy inception date of November 1, 2015 and a first annual period expiration date of November 1, 2016, with a per-occurrence limit of $15,000,000 and a per-occurrence retention of $10,000.

Plaintiffs assert that the issue in the instant action does not concern whether Welch was acting in the scope of his employment at the time of the accident or whether J-W Power Company is vicariously liable for Welch's acts and/or omissions but rather concerns whether Welch was using the subject truck with permission at the time of the accident and whether Welch is insured under the policies issued by plaintiffs. Plaintiffs contend that this is a separate issue from that pending in the state lawsuit. Plaintiffs, therefore, contend that proceeding with the instant action would not unduly interfere with the orderly and comprehensive disposition of the state lawsuit and that neither a dismissal nor a stay of this action is warranted.

> The Supreme Court held in *Wilton v. Seven Falls Co.* that district courts have "unique and substantial discretion" in determining whether to declare the rights of litigants when duplicative state proceedings exist. 515 U.S. at 286-87, 115 S.Ct. 2137. This discretion is conferred upon the district courts by the Declaratory Judgment Act.

*United States v. City of Las Cruces*, 289 F.3d 1170, 1179-80 (10th Cir. 2002). In exercising this discretion, a court should consider the following five factors:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race to *res judicata*; [4] whether use of declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

*State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994).

Having carefully reviewed the parties' submissions, and having considered the *Mhoon* factors, the Court finds that proceeding with the instant action would unduly interfere with the orderly and comprehensive disposition of the state lawsuit and that the Court should exercise its discretion and decline to hear the instant action. First, the Court finds that the issue in the instant

case – whether Welch was using the subject truck with permission – is the same as one of the issues raised in the state lawsuit – whether Welch was acting in the course and scope of his employment. The facts that would be used to determine scope of employment in the state lawsuit are the same facts that would be used to determine scope of permission in the instant action. In fact, the Court finds that the facts that determine scope of permission are so intertwined with those determining scope of employment as to be practicably inseparable.

Further, the Court finds that this action would not settle the full controversy. This Court might find that Welch had permission to use the truck and there was coverage, while a jury in the state lawsuit might find that Welch was not acting within the scope of his employment, which would indicate there perhaps was no coverage, or vice versa; rather than settling the controversy, the conflicting decisions in the two cases would create more controversy. Additionally, the Court finds this action would not serve the useful purpose of clarifying the legal relations at issue but could likely cause the legal relations at issue to be less clear. The Court also finds that it is possible, based upon the timing of the filing of this action, that plaintiffs are using this action for the purpose of procedural fencing or to provide an arena for a race to *res judicata*. The state lawsuit had been pending since December 29, 2016, and plaintiffs waited until the summary judgment motions were pending in the state lawsuit before filing the instant action.

Additionally, the Court finds that the use of declaratory action in this case could likely increase friction between our federal and state courts and improperly encroach upon state jurisdiction. There is a very real possibility of inconsistent rulings on the same factual issue, particularly in light of the state court judge's ruling denying the motion for summary judgment filed by J-W Power Company and J-W Energy Company. Further, the Court finds that allowing the state lawsuit to proceed to judgment is an alternative remedy which is better and more effective.

4

Finally, the Court finds the fact that plaintiffs are not parties to the state lawsuit does not provide grounds for the Court to proceed with the instant action while the state lawsuit is pending. J-W Power Company, plaintiffs' insured, is a party to the state lawsuit, and J-W Power Company is asserting the same defense (scope of employment/lack of permission) as plaintiffs assert in the instant action.

Since the Court has determined that it should not exercise jurisdiction over this declaratory action, the Court must now determine whether to dismiss this action or to stay this action. Having carefully reviewed the parties' submissions, as well as the particular circumstances of this case, the Court finds that it would be appropriate to dismiss this case. Specifically, the Court finds in light of the procedural posture of the state lawsuit, dismissal would be appropriate. In the state lawsuit, the parties have conducted discovery, the motion for summary judgment has been ruled on, and it appears a pretrial conference was held on January 17, 2018. Thus, it appears that a trial in the state lawsuit will be conducted within a short period of time. Additionally, any trial in the state lawsuit would necessarily determine the issue in this case – whether Welch had permission to use the truck/was acting within the scope of his employment. Finally, the Court finds that it does not appear that any time bar would prevent this action from being refiled.

III. Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS the Zubias' Motion to Dismiss [docket nos. 8 and 19] and DISMISSES this action.

**IT IS SO ORDERED this 24th day of January, 2018.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE